IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-026-JHP |
| ) | |
| MELVIN LOUIS BAILEY, JR., a/k/a ) | |
| "Ojo," ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Before the Court is Defendant Melvin Louis Bailey, Jr.'s Motion in Limine (Docket No. 41). For the reasons set forth below, the Motion in Limine (Docket No. 41) is DENIED.

Bailey has also objected (Docket No. 39) to two of the Government's notices of intent to use Rule 404(b) evidence at trial (Docket Nos. 19 and 27). The Court construes Bailey's objections as a Motion in Limine and addresses that motion as well. That Motion in Limine is GRANTED in part, and DENIED in part.

## BACKGROUND

Bailey has been charged with Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c), and Maintaining a Drug Involved Premises in violation of 21 U.S.C. § 856. Bailey has pled not guilty, and his trial is set for June 23, 2008.

## DISCUSSION

Bailey has filed a Motion in Limine seeking to prohibit the Government from referencing

Bailey's past or present gang affiliation. Bailey argues that such evidence is minimally probative, and prohibitively prejudicial. The Government argues that the evidence it seeks to introduce at trial — a framed newspaper article detailing Bailey's past gang affiliation and his work with youths attempting to deter them from the gang lifestyle, pictures of Bailey flashing gang signs, and gang related clothing — were all found during the search of Bailey's home, and are therefore probative of Bailey's residency in the house. The Government also argues that Bailey's gang affiliation is probative in that it "infers knowledge of criminal activity routinely conducted by gang members" — in this case, the sale of narcotics.

Here, the evidence the Government wishes to introduce is probative of Bailey's residency in the house and his knowledge of drug trafficking. This evidence is offered for a proper purpose, is relevant, and its probative value is not substantially outweighed by the danger of unfair prejudice. Additionally, the Court will be able to properly instruct the jury as to the limited purposes for which the evidence may be considered. Therefore, the motion in limine as to this evidence is DENIED.

Bailey also objects to the Government's notice of intent to use evidence pursuant to Fed. R. Evid. 404(b). The Government has filed three separate notices of intent to use such evidence. Bailey, however, has only objected to two (Docket Nos. 19 and 27).

In its first notice (Docket No. 19), the Government expresses its intent to introduce evidence of Bailey's February 17, 1993 conviction for Distribution of Cocaine Base in the United States District Court for the Northern District of Oklahoma (Case No. 92-66-C).

Although this evidence is probative of Bailey's knowledge of drug trafficking, its remoteness in time diminishes its probative value to a point where that probative value is substantially outweighed by the danger of unfair prejudice. Therefore, the motion in limine as to this evidence

is GRANTED.

In its second notice (Docket No. 27), the Government expresses its intent to introduce evidence showing that on December 27, 2007, Bailey was in possession of 4.35 grams of cocaine and $6,924.00. Additionally, Bailey gave the police officer who discovered the drugs and money a fake name when questioned. The government also intends to offer that during the spring or early summer of 2007 Bailey possessed $4,500.00 in cash and a diagram for a hidden compartment for a vehicle.

Because the $4,500.00 in cash has been suppressed pursuant to the Court's order of June 13, 2008 (Docket No. 51), the Court does not consider that evidence. The remaining evidence is all clearly probative of Bailey's knowledge of drug trafficking. Additionally, the evidence is all gleaned from incidents occurring close in time to the charged conduct — which is alleged to have occurred on December 4, 2007. This evidence is offered for a proper purpose, is relevant, and its probative value is not substantially outweighed by the danger of unfair prejudice. Additionally, the Court will be able to properly instruct the jury as to the limited purposes for which the evidence may be considered. Therefore, the motion in limine as to this evidence is DENIED.

## CONCLUSION

The Motion in Limine (Docket No. 41) is DENIED.

The objection (Docket No. 39) to the Government's notices of intent to use Rule 404(b) evidence at trial, which the Court construes as a Motion in Limine, is GRANTED in part, and DENIED in part.

James H. Payne
United States District Judge
Northern District of Oklahoma

3